UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:                                              CHAPTER 13

JANET B. PORTER                        Bkcy. Case No. 16-13764-mdc

Debtor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The above captioned Debtor having moved this Court by Motion for an Order pursuant to Section 350 (b) of the Bankruptcy Code reopen and reinstate debtor's case for the purpose of filing debtor's required schedules, Chapter 13 Plan and related documents; and a hearing having been held thereon; and due deliberation having been held thereon; it is

**ORDERED**, that Debtor's motion to reopen her case is granted and this case is hereby re-opened; and it is further

A(n) Order Dismissing Debtor's Chapter 13 Case was entered on June 6, 2016.

**IT IS ORDERED** that the Order Dismissing Debtor's Case is VACATED.

**IT IS ORDERED**, that debtor is permitted to file the required schedules, Chapter 13 Plan and related documents; and it is further

By the Court,

Dated: _____ ___, _____

Hon. Magdeline D. Coleman
United States bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| In re: | CHAPTER 13 |
| JANET B. PORTER | Bkcy. Case No. 16-13764-mdc |
| Debtor. | Hearing Date: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OMNIBUS MOTION FOR RECONSIDERATION OF DEBTOR'S DISMISSAL, AND REQUEST TO RE-OPEN DEBTOR'S CASE AND REINSTATE DEBTOR PURSUANT TO SECTION 350(B) AND FED.R.BANKR.P. 9024.**

Janet B. Porter, requests relief from the Court's Order dated June 6, 2016, which dismissed debtor's case for failure to file the required documents and further moves this Court to reinstate her Chapter 13 case and in support of this Motion(s), Debtor avers the following:

1. Debtor filed a voluntary petition under the provision of 11 U.S.C. Chapter 13 on May 25, 2016; thereafter William C. Miller was duly appointed and qualified as Trustee.

2. On June 6, 2016 this honorable Court scheduled a hearing regarding debtor's failure to file the required bankruptcy documents pursuant to *In re Casse, 198 F. 3d 327* (2d Cir. 1999).

3. Debtor under a great amount of stress and apparently the victim of a mortgage relief scam believed that she had paid an outside non-legal entity to assist her with the bankruptcy. This organization failed to assist her pursuant to the agreement and debtor was unable to comply with the requirements under the Code.

4. It should be noted that since the dismissal and prior to the hearing on this matter, debtor did in fact file a complete list of Schedules A-J, Statement of Financial Affairs, and Chapter 13 Plan

5. In light of debtor's dismissal, debtor prays that your honor will consider the fact that she has filed all required documentation, will propose an appropriate Chapter 13 Plan and will further provide the trustee with all necessary documents and payment; such that your honor will reinstate his case.

6. Debtor's bankruptcy was necessary to save her property from sheriff sale.

7. There is no harm or prejudice to creditors in light of the foregoing because reinstatement of Plaintiff' case assures that the creditors provided for in her proposed Chapter 13 Plan, will receive appropriate treatment and payment upon entry of the Confirmation Order.

**WHEREFORE**, debtor respectfully asks that the Court grant these motion(s) and for such other relief as is just and proper.

Date: December 5, 2016

Roach Leite & Manyin, LLC

By: _____
Robert Leite-Young, Esquire
Attorney for Debtor
6950 Castor Avenue
Philadelphia, PA 19149
(267) 343-5818
Rleite@rlmfirm.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:                                              CHAPTER 13

JANET B. PORTER                         Bkcy. Case No. 16-13764-mdc

Debtor.                                Hearing Date:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION(S)

Debtors through the undersigned counsel hereby submit this memorandum and argument in support of the within Motion(s).

I.   **ARGUMENT**

Section 350(b) states:

> "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy cases by Fed. R. Bank. P. 9024, provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect... *Fed. R. Civ. P. 60(b)(1)*.

"As courts of equity, bankruptcy courts "have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Flores v. United States Tr. (In re Flores)*, BAP No. NM-00-069, 2001 Bankr. LEXIS 521 (U.S. B.A.P. 10th Cir. May 23, 2001). The Third Circuit has acknowledged

that Bankruptcy Rule 9024 gives a bankruptcy court "the power to vacate or modify its orders, as long as it is equitable to do so." *In re Frank Montique, Inc.*, No. 97-12086F, 2003 Bankr. LEXIS 2357 (U.S. Bankr. E.D. Pa. Jan. 31, 2003).

In this matter, on June 6, 2016 this honorable Court dismissed debtor's case for failure to file the required bankruptcy documents pursuant to *In re Casse*, 198 F. 3d 327 (2d Cir. 1999). Debtor under a great amount of stress and apparently the victim of a mortgage relief scam believed that she had paid an outside non-legal entity to assist her with the bankruptcy. This organization failed to assist her pursuant to the agreement and debtor was unable to comply with the requirements under the Code which is the reason she failed to act to protect her own interest.

Debtors aver that no intervening rights have become vested in reliance on the Court's June 6, 2016 Order in that all though property subject to the bankruptcy estate was sold on May 25, 2016, since the dismissal all interested parties have maintained virtually the same status. Debtor was at all times under a good faith belief that she would be able to file the required documentation and present a feasible plan. More importantly, there is no harm or prejudice to creditors in light of the foregoing because each of debtor's creditors have and will continue to receive appropriate protection and payment upon reinstatement of debtor's case. Debtor's bankruptcy is necessary to save her property.

As of today's date, debtor is prepared to follow through with her bankruptcy under proper legal guidance.

## II.    CONCLUSION

As a Court of equity, the Honorable Judge Chan can find that debtor's excusable neglect is reasonable and that debtor has prosecuted her case in a manner consistent with good faith thereby permitting debtor the ability to maintain the instant case.

Date: December 5, 2016

                                  Roach, Leite & Manyin, LLC

                                  By: _____
                                  Robert C. Leite-Young, Esq.
                                  6950 Castor Avenue
                                  Philadelphia, Pa 19149
                                  (267) 343-5818
                                  Rleite@rlmfirm.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| In re: | CHAPTER 13 |
| JANET B. PORTER | Bkcy. Case No. 16-13764-amc |
| Debtor. | Hearing Date: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I, Robert Leite-Young, certify that on this 5th day of December 2016, the following Debtor's Motion to Re-Open and Reinstate Case has been served upon the following parties, at the addresses designated by said parties for that purpose via the Court's ECF electronic filing system to the following parties of record and via regular U.S. Postal mailing:

Thomas Puleo, Esquire
Joshua I. Goldman, Esquire
KML Law Group, P.C.
701 Market Street, Ste 5000
Philadelphia, PA 19106

Law Office of Martha E. Vonrosenstiel
Martha E. Vonrosenstiel, Esquire
649 South Avenue
Secane, PA 19018

Office of The United States
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Trustee William C. Miller
1234 Market Street, Suite 1813
Philadelphia, PA 19107

Date: December 5, 2016
    Philadelphia, Pennsylvania

Roach, Leite & Manyin, LLC

/s/ Robert Leite-Young
Robert Leite-Young, Esquire